Filed 1/20/21  P. v. Prado CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EMILIO PRADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B301480<br>(Super. Ct. No. PA092370)<br>(Los Angeles County) |

Emilio Prado appeals a judgment following his conviction for stalking (Pen.[1] Code, § 646.9, subd. (b)) (count 1) and injuring a cohabitant/girlfriend (§ 273.5, subd. (a)) (counts 2 and 3).  The jury also found true the allegation that Prado was previously convicted of violating Health and Safety Code section 11352, subdivision (a), a felony, in 2012; and "pursuant to . . . section 667.5," subdivision (b) that he "did not remain free of prison or county jail custody for, a period of five years subsequent to the

[1] All statutory references are to the Penal Code unless stated otherwise.

conclusion of said term." The trial court imposed an aggregate state prison sentence of seven years, which included a one-year consecutive sentencing enhancement under section 667.5, subdivision (b).

We conclude the one-year consecutive sentencing enhancement under section 667.5, subdivision (b) must be stricken because of the passage of Senate Bill No. 136. We modify the judgment by striking the enhancement and order the trial court to prepare an amended abstract of judgment and send a certified copy of it to the appropriate authorities. The judgment, as modified, is affirmed.

FACTS

Y.A. was Prado's former girlfriend. She had been dating him for three years. In one incident she and Prado were in a car. She told him that she did not want to be with him because he was intoxicated. Prado bashed her head onto the gearshift of a car. She testified she could not end her relationship with him because he threatened her and he "wouldn't let [her] leave him." He said he would kill her "if he saw [her] with somebody else."

In another incident Y.A. refused to let Prado see her daughter. Prado struck her on her face and body and kicked her. She suffered injuries to her eyes, forehead, and neck.

Y.A. moved in with her aunt for a short period because she was "scared that [Prado] was going to come back and do it again." When she came back to her home, she noticed "one of the doors was kicked into" and items from the house were missing.

In November 2018, Y.A. obtained a restraining order against Prado. He was served with that order. Y.A. subsequently saw Prado "running out of [her] backyard." In another incident she saw Prado again. She took out her phone to

2

call 911. Prado knocked the phone out of her hand, picked her up and carried her to her backyard. He threw her down and ended up on top of her. She told him he "needs to leave" and "get out of [her] life." Prado saw Y.A.'s brother approaching. Prado left. Y.A. called the police. As a result of Prado's actions, she had cuts to her feet and arm.

In December 2018, Prado drove to Y.A.'s home. Y.A. called 911. Prado drove away, but he came back again "later that day." Y.A. called the police again. Prado left before the police arrived.

In January 2019, Prado came to her house and pounded on the door. After that incident, Y.A. saw Prado's car drive by her house on a weekly basis.

Around midnight on Valentine's Day, Prado came to her home and tapped on her bedroom window. He said "Babe" and he left gifts. She called the police. She was afraid he was going to harm her. Prado had previously threatened to take her daughter away.

After Prado's arrest, his jury trial, and the jury verdicts against him, the trial court imposed an aggregate seven-year prison sentence. It included a one-year consecutive sentencing enhancement under section 667.5, subdivision (b).

DISCUSSION

*Senate Bill No. 136*

Prado and the People agree that because of the passage of Senate Bill No. 136, the one-year consecutive sentencing enhancement under section 667.5, subdivision (b) must be stricken.

At the time Prado was sentenced, the trial court was required to impose a one-year prior prison term enhancement. (Former § 667.5, subd. (b).) But, in 2019, Senate Bill No. 136 was

3

passed.  It changed this enhancement so that it would only apply to prior prison terms for certain sexually violent offenses. (§ 667.5, subd. (b); *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)  This change went into effect on January 1, 2020.  (*People v. Camba* (1996) 50 Cal.App.4th 857, 865.)

The change in the law applies retroactively to this case. When the Legislature eliminates or reduces the punishment for an offense or a sentence enhancement, that reduction is applied retroactively to all judgments on appeal that are not yet final. (*In re Estrada* (1965) 63 Cal.2d 740, 745-748.)  Consequently, because Prado's prior prison term was not for a sexually violent offense, the section 667.5, subdivision (b) enhancement must now be stricken.  (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 772.)

*Can the Appellate Court Modify the Sentence?*

The People contend the sentence can be modified on appeal without a new sentencing hearing because the trial court has already exercised its discretion to impose the maximum sentence. We agree.

In *People v. Lopez*, *supra*, 42 Cal.App.5th at page 342, the court held that "[b]ecause the trial court imposed the maximum possible sentence, there is no need for the court to again exercise its sentencing discretion" on a remand for resentencing because of the Legislature's elimination of this enhancement.  The appellate court may modify the sentence and strike the one-year enhancement previously imposed under section 667.5, subdivision (b).  (*Lopez*, at p. 342.)

Here the trial court imposed the high term of four years for count 1; it imposed a consecutive one year for count 2 (one-third the midterm); and it imposed a consecutive one year for count 3 (one-third the midterm).  It then imposed a consecutive one year

4

for the one-year enhancement (§ 667.5, subd. (b)) for the aggregate seven-year sentence.

The People note that the trial court "emphasized there were strong aggravating factors [that] supported the maximum sentence." We agree.

The trial court was particularly concerned about Prado's continuous pattern of unlawful conduct directed against Y.A. It said Prado's stalking of her involved "a continuous course of conduct of harassment." There were "two incidents of domestic violence" he committed against her. He "strangled" her. He "continues to abuse" her. He violated a "restraining order." His conduct involved a "high degree of cruelty, viciousness, and callousness." Prado also has "a "very long criminal history." The court found he "poses a threat to public safety." It said there were "strong aggravating factors." Given these findings, a remand for resentencing would only result in the reinstatement of the maximum possible sentence. Consequently, the judgment may be modified on appeal without the need for a remand for resentencing. (*People v. Lopez, supra*, 42 Cal.App.5th at p. 342.)

DISPOSITION

The judgment is modified as follows: The one-year enhancement imposed pursuant to section 667.5, subdivision (b) is stricken. The trial court is directed to prepare an amended abstract of judgment and to send a certified copy of it to the appropriate authorities. (*People v. Lopez, supra*, 42 Cal.App.5th at pp. 342-343.) As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:          PERREN, J.          TANGEMAN, J.

5

Daniel B. Feldstern, Judge

Superior Court County of Los Angeles

_____

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.